IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00768–MSK–KMT

RG OPTIONS LLC,

    Plaintiff,

v.

JOSEPH C. BERSHAS, and
JULIE C. BERSHAS,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Plaintiff RG Options, LLC's Motion to Remand. (Doc. No. 10, filed Apr. 23, 2013 [Mot. Remand].) The court also considers herein "Defendant's Motion for Leave to Amend Answer and Counterclaims" (Doc. No. 17, filed Aug. 22, 2013 [Mot. Am.]) and "Plaintiff's Motion Request that this Case be Expedited and to Request an Expedited Scheduling Conference" (Doc. No. 19, filed Aug. 23, 2013 ["Mot. Expedite Sched. Conf."]).[1] For the following reasons, the court recommends that Plaintiff's Motion to Remand

---

[1] Plaintiff also recently filed a Motion for Costs and Expenses Pursuant to Fed. R. Civ. P. 1447 (Doc. No. 25, filed Sept. 10, 2013), which has been referred to this court for resolution (*see* Doc. No. 29). Because that motion has not yet been fully briefed at this time, it will be resolved by separate order.

be GRANTED and, therefore, orders that Defendants' Motion to Amend and Plaintiff's Motion to Expedite Scheduling Conference be DENIED as moot.

Plaintiff's Unlawful Detainer Complaint was filed on March 18, 2013 in County Court for Douglas County, Colorado. (*See* Doc. No. 1-1.) Plaintiff's Complaint seeks to evict Defendants from, and to gain possession of, a residential property it purchased at a foreclosure sale located at 16441 Parkside Drive, Parker, Colorado 80134. (*See id.*) At some point in time, the case was transferred to Douglas County District Court. (*See* Mot. Remand at 1.)

On March 23, 2013, Defendants, acting *pro se*,[2] removed this case to this court. (*See* Not. of Removal, Doc. No. 1.) In their Notice of Removal, Defendants argue that this court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1331.[3] (*Id.* at 2-3.)

Plaintiff's Motion to Remand was filed on April 23, 2013. (*See* Mot. Remand.) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Defendants had until May 17, 2013 to file a response. Defendants did not file a response before, or at any time after, that date.

---

[2] Defendants' attorney entered an appearance on behalf of Defendants on August 20, 2013 after the case had been removed. (*See* Doc. No. 15.)

[3] Notwithstanding Defendants' citation to 28 U.S.C. § 1332 (Not. of Removal at 1), the court does not construe Defendants' Notice of Removal to assert that this court has diversity jurisdiction over this case. Indeed, the substance of the Notice of Removal addresses only federal question jurisdiction, and neither Plaintiff's Complaint or the Notice of Removal address the requirements for the exercise of diversity jurisdiction—namely, whether there is complete diversity between the parties and the amount in controversy exceeds $75,000. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the existence of diversity must be established on the face of either the [complaint] or the removal notice.")

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441. The court is obligated to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing the requirements of federal jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). Removal statutes "are to be narrowly construed in light of our constitutional roles as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1095 (10th Cir. 2005) (citation omitted).

Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law "when the plaintiff's statement of his own cause of action show that it is based on federal law." *Devon Energy Prod. Co., LP v. Mosiac Potash Carlsbad, Inc.,* 693 F.3d 1195, 1202 (10th Cir. 2012) (internal quotation marks and citation omitted).

The court finds that it lacks subject matter jurisdiction over this action.[4] Plaintiff's claims for eviction and possession of the property arise solely under state law. *Cook v. Hamrick,* 278 F. Supp. 2d 1202, 1203 (10th Cir. 2003) (citing Colo. Rev. Stat. § 13-40-110); *see also Topeka Housing Authority v. Johnson,* 404 F.3d 1245, 1247-48 (10th Cir. 2005) (finding no

---

[4]Plaintiff has suggested that it will "likely withdraw the motion [to remand] imminently because a remand to state court will only delay these proceedings further." (Mot. Expedite Sched. Conf. at 1.) However, even if Plaintiff had actually done so, the court would still recommend that this matter be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (court may remand an action *sua sponte* where "it appears that the district court lacks subject matter jurisdiction.").

subject matter jurisdiction to support removal of eviction action from Kansas state court). The fact that Defendants allege that Plaintiff violated their rights under several federal statutes—namely 12 U.S.C. §§ 1601, 2601, and 15 U.S.C. § 1692—does not prompt the court to reach a different conclusion as, "[a]bsent circumstances not present here, a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Auth.,* 404 F.3d at 1247 (citing *Holmes Group, Inc. V. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830-31 & n.2 (2002)). Altogether, because no "federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987), the court finds that Plaintiff's Motion to Remand is properly granted.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that Plaintiff RG Options, LLC's Motion to Remand (Doc. No. 10) be GRANTED and that this case be remanded to the Douglas County District Court. It is further

ORDERED that, in light of the recommendation above, "Defendant's Motion for Leave to Amend Answer and Counterclaims" (Doc. No. 17) and "Plaintiff's Motion Request that this Case be Expedited and to Request an Expedited Scheduling Conference" (Doc. No. 19) are DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of September, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge